**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA**

**CHARLESTON DIVISION**

ZIEGENFUSS DRILLING, INC.,

        Plaintiff,

v.                                    CIVIL ACTION NO.  2:07-cv-00342

FRONTIER-KEMPER CONSTRUCTORS, INC.,

        Defendant.

**MEMORANDUM OPINION AND ORDER**

Pending before the court is the defendant's Motion for Summary Judgment [Docket 52].  For the reasons set forth below, the defendant's Motion is **GRANTED in part** and **DENIED in part**.

**I.  Background**

    A. *Facts*

In 2005, Elk Run Coal Company contracted Frontier-Kemper to perform a raise bore construction project, and Frontier-Kemper subcontracted with Ziegenfuss Drilling, Inc., to drill the project's pilot hole.  The pilot hole drilling took longer than anticipated; Ziegenfuss Drilling attributes this delay to misinformation it had received regarding the project and Frontier-Kemper's delay in providing a "survey" of the project.  Elk Run ultimately refused to pay Frontier-Kemper for many of the invoices associated with the project, and Frontier-Kemper likewise did not pass through  payments to Ziegenfuss Drilling when no such payments were received from Elk Run.  Frontier-Kemper then sued Elk Run, attempting to collect the money owed; Elk Run brought counter-claims based on Ziegenfuss Drilling's allegedly faulty workmanship. Ziegenfuss Drilling's

motion to intervene in that case was denied.  The matter eventually settled, with Frontier-Kemper providing a good faith payment to Elk Run.  In the meantime, Ziegenfuss Drilling filed the instant action.  Frontier-Kemper now seeks summary judgment on the remaining two counts of this action: breach of contract and fraud.

B. *The Parties' Arguments*

Frontier-Kemper argues that its subcontract with Ziegenfuss Drilling explicitly and unambiguously provides, in a "pay-if-paid" clause, that Frontier-Kemper has no duty to pay Ziegenfuss Drilling for work for which Elk Run refuses to pay.  Frontier-Kemper also argues that Ziegenfuss Drilling's fraud claim cannot succeed because it is predicated on an alleged breach of contract or an alleged promise as to a future event–Ziegenfuss Drilling's promised receipt of payment.

In response, Ziegenfuss Drilling argues that the contractual language at issue merely fixes the time at which payment is due, and does not shift the risk of nonpayment to Ziegenfuss Drilling. Moreover, Ziegenfuss Drilling contends that Frontier-Kemper's misbehavior was the cause of Ziegenfuss Drilling's nonpayment, and thus Frontier-Kemper is estopped from claiming the benefit of any alleged pay-if-paid clause.  As for the fraud claim, Ziegenfuss Drilling argues that its claim is based on Frontier-Kemper's misrepresentation to Ziegenfuss Drilling that it had received Elk Run's approval of payments.

In reply, Frontier-Kemper argues that Ziegenfuss Drilling's fraud claim should fail because Ziegenfuss Drilling has failed to provide any evidence that Frontier-Kemper knew or should have known, when it allegedly stated that Elk Run had approved the work, that Elk Run in fact had not approved the work. Frontier-Kemper further argues that the pay-if-paid contractual language is clear

and unambiguous, and that Ziegenfuss Drilling's estoppel argument is unsupported by both West Virginia law and the facts of the case.

## II.  Standard of Review

To obtain summary judgment, the moving party must show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law.  Fed. R. Civ. P. 56(c).  In considering a motion for summary judgment, the court will not "weigh the evidence and determine the truth of the matter."  *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249 (1986). Instead, the court will draw any permissible inference from the underlying facts in the light most favorable to the nonmoving party.  *Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 587–88 (1986).

Although the court will view all underlying facts and inferences in the light most favorable to the nonmoving party, the nonmoving party nonetheless must offer some "concrete evidence from which a reasonable juror could return a verdict in his [or her] favor."  *Anderson*, 477 U.S. at 256. Summary judgment is appropriate when the nonmoving party has the burden of proof on an essential element of his or her case and does not make, after adequate time for discovery, a showing sufficient to establish that element.  *Celotex Corp. v. Catrett*, 477 U.S. 317, 322–23 (1986).  The nonmoving party must satisfy this burden of proof by offering more than a mere "scintilla of evidence" in support of his or her position.  *Anderson*, 477 U.S. at 252.  Likewise, conclusory allegations or unsupported speculation, without more, are insufficient to preclude the granting of a summary judgment motion.  *See Felty v. Graves-Humphreys Co.*, 818 F.2d 1126, 1128 (4th Cir. 1987); *Ross v. Comm'ns Satellite Corp.*, 759 F.2d 355, 365 (4th Cir. 1985), *overruled on other grounds*, 490 U.S. 228 (1989).

## III.  Analysis

### A.  *Plaintiff's Fraud Claim*

In West Virginia, "[t]he essential elements in an action for fraud are:  (1) that the act claimed to be fraudulent was the act of the defendant or induced by him; (2) that it was material and false; that plaintiff relied on it and was justified under the circumstances in relying upon it; and (3) that he was damaged because he relied on it." *Lengyel v. Lint*, 280 S.E.2d 66, 69 (W. Va. 1981) (citation omitted).  Furthermore, "actionable fraud must ordinarily be predicated upon an intentional misrepresentation of a past or existing fact and not upon a misrepresentation as to a future occurrence" and "it cannot be based on statements . . . which constitute expressions of intention, unless the non-existence of the intention to fulfill the promise at the time it was made is shown." *Croston v. Emax Oil Co.*, 464 S.E.2d 728, 732 (W. Va. 1995).

Frontier-Kemper is entitled to summary judgment on Zeigenfuss Drilling's fraud claim because Zeigenfuss Drilling has offered no concrete evidence that Frontier-Kemper made material, false statements to Zeigenfuss Drilling.  Ziegenfuss Drilling alleges that Frontier-Kemper wrongfully conveyed to Ziegenfuss Drilling that Elk Run had approved payment "without confirming whether or not such statements were true," when Frontier-Kemper "was in a position to know" and "had a duty to know" of the falsity of the statements in issue.  Resp. in Opp'n to Mot. Summ. J. at 19–20 (citing *Cordial v. Ernst & Young*, 483 S.E.2d 248, 259 (W. Va. 1996)).  But Ziegenfuss Drilling presents no evidence that Frontier-Kemper was in such a position or had such a duty.  Therefore, this claim cannot withstand Frontier-Kemper's motion for summary judgment.

-4-

B.  *Plaintiff's Breach of Contract Claim*

It is undisputed that West Virginia recognizes and upholds unambiguous pay-if-paid clauses.

*See Wellington Power Corp. v. CNA Sur. Corp.*, 614 S.E.2d 680, 687 (W. Va. 2005).  With respect

to ambiguous pay-if-paid clauses, the majority view is that:

> [I]f reasonably possible, clauses in construction subcontracts stating that the subcontractor will be paid when the general contractor is paid will not be construed as establishing true conditions precedent, but rather as merely fixing the usual time for payment to the subcontractor, with the implied understanding that the subcontractor in any event has an unconditional right to payment within a reasonable time.

*William R. Clarke Corp. v. Safeco Ins. Co. of Am.*, 938 P.2d 372, 373 (Cal. 1997); *see also* Margie

Alsbrook, Comment, *Contracting Away an Honest Day's Pay: An Examination of Conditional*

*Payment Clauses in Construction Contracts*, 58 Ark. L. Rev. 353, 370–72 (2005) (discussing "The

Majority Approach:  A Strong Preference for Pay-When-Paid Clauses").  This approach accords with

the Restatement (Second) of Contracts, which states that "[i]n resolving doubts as to whether an event

is made a condition of an obligor's duty . . . an interpretation is preferred that will reduce the

obligee's risk of forfeiture, unless the event is within the obligee's control or the circumstances

indicate that he has assumed the risk."  Restatement (Second) of Contracts § 227 (1) (1981).   The

first illustration to Restatement Section 227 concerns a construction subcontract which provides that

"no part of [the payment] shall be due until five days after Owner shall have paid Contractor thereof";

according to the Restatement, the contractor is obliged to pay the subcontractor after a reasonable

time even if the owner becomes insolvent and never pays the contractor.  *Id.* illus. 1.

West Virginia contract law generally conforms with the Restatement.  *See, e.g., Lang v. Derr*,

569 S.E.2d 778, 780–81 (W. Va. 2002)  Moreover, by explicitly noting in *Wellington* that the clause

at issue was an "unambiguous" pay-if-paid clause, the West Virginia Supreme Court of Appeals suggests that an ambiguous clause would receive different, more critical judicial treatment. This interpretation of West Virginia law is consistent with the majority/Restatement approach discussed above.

Accordingly, Frontier-Kemper's motion for summary judgment on Ziegenfuss Drilling's breach of contract claim is denied. While parties' freedom of contract is entitled to great respect, *see, e.g., Wellington*, 614 S.E.2d at 685, courts are understandably reluctant to recognize a discharge of contractual duty without a clear, explicit showing that such a result was intended by the parties, *see, e.g.,* Restatement (Second) of Contracts § 227 (1981). Courts of other states and of other federal circuits have construed language similar to that at issue in this case as creating an obligation for the contractor to pay the subcontractor *when* paid by the owner, or, if such payment is not forthcoming, then within a reasonable time. *See, e.g., Thomas J. Dyer Co. v. Bishop In'l Eng'g Co.*, 303 F.2d 655 (6th Cir. 1962). Thus, Frontier-Kemper is not entitled to summary judgment as a matter of law on this issue.

## IV. Conclusion

For the reasons stated above, the Court **GRANTS** the defendant's Motion for Summary Judgment [Docket 52] with respect to the plaintiff's fraud claim, and **DENIES** the defendant's Motion with respect to the plaintiff's breach of contract claim.

The court **DIRECTS** the Clerk to send a copy of this Order to counsel of record and any unrepresented party.

ENTER:      August 20, 2009

Joseph R. Goodwin, Chief Judge