IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

CHARLESTON DIVISION

ZIEGENFUSS DRILLING, INC.,

        Plaintiff,

v.                          CIVIL ACTION NO. 2:07-cv-00342

FRONTIER-KEMPER CONSTRUCTORS, INC.,

        Defendant.

**MEMORANDUM OPINION & ORDER**

Pending before the court is the Petition by Daniels Law Firm, P.L.L.C., to Enforce Charging Lien [Docket 66] and Motion by Daniels Law Firm, P.L.L.C. to Expedite Consideration of its Petition to Enforce Charging Lien [Docket 70]. The court **DENIES** the petition and the motion.

Daniels Law Firm, P.L.L.C. ("Daniels"), filed its Petition to Enforce Charging Lien on October 12, 2009, almost a month after this court had dismissed the case with prejudice, with "the parties to bear their own fees and costs" [Docket 65]. At least one other circuit has held that a district court lacks jurisdiction to adjudicate attorney liens after a case has been dismissed with prejudice. *See Hill v. Baxter Healthcare Corp.*, 405 F.3d 572, 576 (7th Cir. 2005) ("[A] case that is dismissed with prejudice is unconditional; therefore, it's over and federal jurisdiction is terminated.").

Even assuming this court has retained supplemental jurisdiction over the fee dispute, I decline to exercise such jurisdiction. 28 U.S.C. § 1367 (c)(3) ("The district courts may decline to exercise supplemental jurisdiction over a claim if . . . the district court has dismissed all claims over

which it has original jurisdiction."); *see also Shanaghan v. Cahill*, 58 F.3d 106, 110 (4th Cir. 1995) ("There are *no* situations wherein a federal court *must* retain jurisdiction over a state law claim, which would not by itself support jurisdiction."). The amount in controversy here is $40,000.078.89; therefore, Daniels's state law claim would not independently support federal jurisdiction. *See* 28 U.S.C. § 1332 (a). Here, "the fee dispute did not arise as a matter of necessity from anything which occurred" in the underlying litigation, "nor [does this] court have control over the fee in the sense that the court was required to establish and distribute a fee." *Taylor v. Kelsey*, 666 F.2d 53, 54 (4th Cir. 1981) (affirming dismissal of fee dispute).

Daniels's Petition [Docket 66] is thus **DENIED,** and its Motion [Docket 70] is **DENIED** as moot. The court **DIRECTS** the Clerk to send a copy of this Order to counsel of record and any unrepresented party.

        ENTER:  October 30, 2009

*Joseph R. Goodwin, Chief Judge*